IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LEVONDA JOURNEY-BUSH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:06-CV-349 (CAR) |
| | : | |
| COUNTY OF MACON, Georgia; | : | |
| CITY OF MONTEZUMA, Georgia; | : | |
| CHARLES CANNON, individually and | : | |
| in his official capacity as Sheriff of | : | |
| Macon County, Georgia; ERIC FINCH, | : | |
| individually and in his official capacity | : | |
| as Chief of Police of Montezuma, | : | |
| Georgia; and WARREN BROWN, | : | |
| individually and in his official capacity | : | |
| as Police Officer of Montezuma, Georgia, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

On October 2, 2006, Levonda Journey-Bush ("Plaintiff") initiated the present § 1983 action against the following Defendants: (1) Macon County, Georgia; (2) the City of Montezuma, Georgia; (3) Charles Cannon, individually and in his official capacity as Sheriff of Macon County, Georgia; (4) Eric Finch, individually and in his official capacity as Chief of Police of Montezuma, Georgia; and (5) Warren Brown, individually and in his

official capacity as Police Officer of Montezuma, Georgia. Plaintiff, who is proceeding *pro se*, claims Defendants violated her constitutional rights by failing to adequately respond to her allegations of attempted and actual rape by her ex-boyfriend.

Before this Court are: (1) Defendants' Motion to Dismiss (doc. 5); and (2) Plaintiff's Motion for Extension of Time (doc. 17). On January 16, 2007, Defendants moved to dismiss Plaintiff's case, claiming that the instant action is barred by the applicable statute of limitations. (Defs.' Mot. Dismiss, doc. 5, at 2-3.) After the response deadline lapsed, Plaintiff moved for an extension of time to seek representation and to respond to Defendants' motion. (Pl.'s Mot. Ext., doc. 17, at 1.) Upon careful review of the parties' submissions, the Court **DENIES** Plaintiff's Motion for an Extension, and **GRANTS** Defendants' Motion to Dismiss.

## II. FACTUAL AND PROCEDURAL HISTORY

Viewed in the light most favorable to Plaintiff,[1] the salient facts of this case are these. In "late August or early September 2003," Plaintiff's ex-boyfriend, Donald McDonald ("McDonald"), visited Plaintiff at her home in Montezuma, Georgia. (Compl., doc. 1, at ¶ VII.) McDonald made numerous sexual advances, all of which Plaintiff rebuffed. Plaintiff repeatedly asked McDonald to leave, but McDonald refused to do so. At one

---

[1] At the motion-to-dismiss stage, the Court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See* **Kirby v. Siegelman**, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam).

2

point, McDonald tried to force himself on Plaintiff; fortunately, however, Plaintiff was able to ward off McDonald's attack and convince him to leave. Plaintiff reported McDonald's attempted rape to the Montezuma Police Department ("Police Department") within twenty-four hours of McDonald's attack, but the Police Department took no action with respect to her complaint. Between "late April early May 2004," McDonald attacked Plaintiff once more; this time, though, he allegedly raped her. Plaintiff reported the rape to the Police Department, but when the Police Department again failed to respond to her complaint, Plaintiff contacted the Macon County Sheriff's Department ("Sheriff's Department"), and tried to file a report there. In time, Plaintiff realized that the Sheriff's Department, too, had no intention of following up on her complaint. Frustrated with what she perceived to be inadequate responses by both the Police and the Sheriff's Departments, Plaintiff filed a lawsuit in the Middle District of Georgia on May 27, 2005. (*See **Journey-Bush v. County of Macon, et al.**,* 5:05-CV-173.) Before Defendants were served, Plaintiff's case was dismissed without prejudice because she failed to comply with the court's show-cause order. (***Id.*** at doc. 9.) Undeterred by this dismissal, Plaintiff filed the same suit in this Court on October 2, 2006. (Compl., doc. 1.)

## III. LEGAL DISCUSSION

Defendants claim that, because the latest event giving rise to Plaintiff's allegations took place in May 2004, and Plaintiff did not file the instant suit until October 2, 2006, her

3

claim is barred by the two-year statute of limitations period set forth in O.C.G.A. § 9-3-33. The Court agrees.

Section 1983 has no independent statute of limitations. *Williams v. City of Atlanta*, 794 F.2d 624, 625 (11th Cir. 1986). "[T]he proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Id.* Here, Plaintiff did not file the above-captioned suit in this Court until more than two years after the latest event giving rise to the litigation occurred. Thus, Plaintiff's suit is time barred.

The fact that Plaintiff timely filed her initial lawsuit in May 2005 does not change the result in this case, as Plaintiff's May 2005 suit did not toll the applicable limitations period. Whether a lawsuit can be renewed after it has suffered a non-merits dismissal is governed by state law. *See Scott v. Muscogee County*, 949 F.2d 1122, 1123 (11th Cir. 1992). Under Georgia's renewal statute, "the statute of limitations is satisfied if a plaintiff files a valid action within the limitations period, that action is later dismissed, and the plaintiff files a new action (that would otherwise be time-barred) within six months of the dismissal." *Id.* at 1123; *see* O.C.G.A. § 9-2-61. The renewal statute is inapplicable, however, "if the original complaint did not constitute a valid action before dismissal." *Id.* (internal quotations omitted). The "mere filing" of a complaint, without service on defendant(s), does not constitute a "valid action." *Acree v. Knab*, 348 S.E.2d 716, 717 (Ga.

4

Ct. App. 1986).

In this instance, the record clearly indicates that Plaintiff's initial suit was dismissed before Defendants were served; therefore, Georgia's renewal statute does not apply, and Plaintiff's present suit is barred by the two year statute of limitations period set forth in O.C.G.A. § 9-3-33. *See Scott*, 949 F.2d at 1123-24.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Time (doc. 17) is **DENIED**, and Defendants' Motion to Dismiss (doc. 5) is **GRANTED**.

SO ORDERED, this 9th day of May, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/ssh